NUMBER 13-03-104-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG








JOSUE VIRGILIO HERRERA BENEGAS
, Appellant,


v.



THE STATE OF TEXAS, Appellee.





On appeal from the 107th District Court


of Cameron County, Texas.






MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Hinojosa and Castillo


Opinion by Justice Castillo



 Appellant Josue Virgilio Herrera Benegas appeals his conviction for aggravated
assault. (1) We conclude that Benegas's appeal is frivolous and without merit. We affirm. 


I. BACKGROUND

 Benegas pleaded no contest pursuant to an agreed punishment
recommendation on September 25, 1998. The trial court honored the plea agreement,
deferred a finding of guilt, and placed Benegas on community supervision for a term
of seven years. Following the State's second motion to adjudicate, Benegas pleaded
true to allegations he violated the terms of his community supervision. On January 23,
2003, the trial court adjudicated Benegas's guilt and imposed a sentence of four years
confinement in the Institutional Division of the Texas Department of Criminal Justice. 
The trial court has certified that this is not a plea-bargain case, and Benegas has the
right of appeal. See Tex. R. App. P. 25.2(a)(2). This appeal ensued. 

 The terms and conditions of Benegas's community supervision required that he:
(1) commit no offense against the laws of this State, any other State, or of the United
States (condition (a)); (2) pay monthly supervision fees at the rate of $30.00 per month,
for a total of $2,500.00 (condition (j)); and (3) pay restitution in the amount of $4,534.02
within sixteen months (condition (k)). The State alleged that Benegas violated these
terms and conditions by: (1) committing an assault and an aggravated assault with a
deadly weapon; (2) being in arrears in his community supervision fees in the amount
of $117.07; and (3) being in arrears in his restitution in the amount of $218.28. 

 II. DISPOSITION


A. Anders Brief


 Benegas's appointed appellate counsel has filed a brief in which he concludes
that the appeal is frivolous. See Anders v. California, 386 U.S. 738, 744-45 (1967). 
Counsel certifies that: (1) in his opinion the appeal is frivolous because the record
reflects no reversible error; and (2) he provided Benegas a copy of the brief and
informed him by accompanying letter that he has the right to review the record and file
a pro se brief raising any issue on appeal or complaint he may desire. See id.; see also
High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). More than thirty
days have passed since the date of counsel's letter. Benegas has not filed a pro se
brief. 

B. Independent Review of the Record
 

 This is an Anders case. We independently review the record for error. See
Penson v. Ohio, 488 U.S. 75, 80 (1988); see also Ybarra v. State, 93 S.W.3d 922, 926
(Tex. App.-Corpus Christ 2002, no pet.). The record shows that Benegas originally was
placed on deferred adjudication pursuant to an agreed punishment recommendation
that the trial court followed. See Tex. R. App. P. 25.2(a)(2). When a prosecutor
recommends deferred adjudication in exchange for a defendant's plea of guilty or nolo
contendere, the trial court does not exceed that recommendation if, on proceeding to
an adjudication of guilt, the court later assesses any punishment within the range
allowed by law. Vidaurri v. State, 49 S.W.3d 880, 885 (Tex. Crim. App. 2001) (citing
Watson v. State, 924 S.W.2d 711, 714 (Tex. Crim. App. 1996)). (2) Moreover, Benegas was
required to raise any complaints involving the original plea proceeding through an
appeal taken at that time. See Tex. Code Crim. Proc. Ann. art. 44.01(j) (Vernon
Supp. 2004); see also Nix v. State, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001); Manuel
v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1991). He did not appeal then,
however, and any challenge to the original plea proceeding in this appeal would be
untimely. See Nix, 65 S.W.3d at 667; see also Manuel, 994 S.W.2d at 661-62. 

 1. Adjudication Determination


 No appeal lies from the trial court's decision to adjudicate Benegas's guilt. See
Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp. 2004); see also Connolly v.
State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999). We have no power to review any
challenge Benegas may have to the sufficiency of the notice contained in the terms and
conditions of the community supervision imposed by the trial court, the adequacy of
the State's motion to revoke, or the sufficiency of the evidence to support the trial
court's revocation decision. See Connolly, 983 S.W.2d at 741. 

 However, Benegas's appeal does require exercise of our review power to the
extent it relates to errors unrelated to his conviction. See Tex. Code Crim. Proc. Ann.
art. 42.12, § 5(b) (Vernon Supp. 2004); see also Kirtley v. State, 56 S.W.3d 48, 51-52
(Tex. Crim. App. 2001) (citing Vidaurri, 49 S.W.3d at 883); May v. State, 106 S.W.3d 375,
376 n.4 (Tex. App.-Corpus Christi 2003, no pet.) (applying Vidaurri to appeal
commenced after January 1, 2003 to hold requirements of current rule 25.2(a)(2)
inapplicable to claim of error in misapplication of mandatory sentencing statute). Once
the trial court adjudicates the guilt of a defendant on deferred adjudication community
supervision, the assessment of punishment, pronouncement of sentence, and the
defendant's appeal continue as if the adjudication of guilt had not been deferred. Tex.
Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2004). Accordingly, we
independently review the record for error with regard to the assessment of punishment
and pronouncement of sentence. 

2. Errors Unrelated to Conviction


 Benegas pleaded true to violating conditions (a), (j), and (k). The trial court
accepted Benegas's pleas of true and assessed his punishment at four years
imprisonment. We review a sentence imposed by the trial court for abuse of discretion. 
Jackson v. State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). As a general rule, to
preserve error for appellate review, Benegas must have made a timely, specific
objection, at the earliest opportunity, and obtained an adverse ruling. Tex. R. App.
P. 33.1; Turner v. State, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991). Benegas did not
object at sentencing on any basis, including abuse of discretion. We find that he
waived any arguable error in the sentence imposed. See Rhoades v. State,
934 S.W.2d 113, 120 (Tex. Crim. App. 1996). The sentence assessed was within the
statutorily permissible range and was based on admissible evidence introduced at the
revocation proceeding. See Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App.
1973). We find no arguable error in the assessment of punishment or pronouncement
of sentence. 

 Having found no arguable error unrelated to Benegas's conviction, we conclude
that this appeal is frivolous. We find the appeal without merit. 

C. Anders Counsel


 An appellate court may grant counsel's motion to withdraw filed in connection
with an Anders brief. Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim. App. 1971);
see Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (noting that Anders
brief should be filed with request for withdrawal from case). We note that counsel has
not filed a motion to withdraw in this case. If counsel wishes to file a motion to
withdraw, he must file the motion no later than fifteen days from the date of this
opinion. 

 We order counsel to advise Benegas promptly of the disposition of this case and
the availability of discretionary review. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex.
Crim. App. 1997). 

 ERRLINDA CASTILLO

 Justice

Do Not Publish.

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed

this 11th day of March, 2004.
1. Tex. Pen. Code Ann. § 22.02(a)(2) (Vernon 2003).
2. The court of criminal appeals limited Watson to this proposition in Vidaurri v. State,
49 S.W.3d 880, 884-85 (Tex. Crim. App. 2001) and Feagin v. State, 967 S.W.2d 417, 418 (Tex. Crim. App.
1998).