Guillermo E. DELGADO, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–81–194–CR.

Court of Appeals of Texas, Waco.

May 13, 1982.

Roy C. Hughes, Jr., Dallas, for appellant.

Dan V. Dent, Dist. Atty., Hillsboro, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Delgado from judgment revoking his probation and assessing his confinement in the Texas Department of Corrections for 3 years.

On *October 11, 1976* defendant was convicted of felony DWI and assessed punishment of 5 years in the Texas Department of Corrections, but imposition of sentence was suspended and defendant was placed on probation for 5 years.

Defendant was convicted in Dallas County of DWI on May 28, 1981. On October 7, 1981 the state filed motion for revocation of defendant's probation; capias was issued on October 7, 1981; and on November 24, 1981 the trial court after hearing found he had violated a condition of his probation, reduced the punishment from 5 years to 3 years and ordered defendant confined in the Texas Department of Corrections for 3 years.

Defendant appeals on 3 grounds of error.

Ground 1 asserts the trial court erred in revoking the probation after the original probationary period had expired because there was no evidence the state used due diligence in pursuing the revocation.

Defendant was placed on a 5 year probation on October 11, 1976. On November 24, 1981 the trial court revoked same and sentenced defendant to 3 years in the Texas Department of Corrections.

The trial court has jurisdiction to revoke probation after the term of probation has expired if both the motion to revoke and capias for arrest are issued prior to the termination of the probation period. *Guillot v. State*, Tex.Cr.App., 543 S.W.2d 650.

In such situation the state should prove that diligent effort was made to apprehend and hear and determine the claimed violation prior to expiration of the probation period. *Stover v. State*, Tex.Cr. App., 365 S.W.2d 808. But where defendant fails to preserve error by raising such contention before or during the revocation hearing, the matter is waived, and cannot be raised for the first time on appeal. *Hardman v. State*, Tex.Cr.App., 614 S.W.2d 123.

Ground of Error 2 asserts the trial court erred in overruling his objection to testimony that he was travelling in the wrong direction on Woodall-Rogers Freeway in Dallas when he was arrested for the DWI which gave rise to the revocation motion in 1981.

The police officer who arrested defendant in Dallas in 1981 testified he arrested him while he was traveling in the wrong direction on the freeway. Objection was made by defendant that the Dallas City Ordinance making the freeway one way was prerequisite to such testimony. The trial court overruled the objection.

The revocation was predicated on defendant's May 28, 1981 DWI conviction and not on his arrest while traveling in the wrong direction on the freeway. The contention is without merit. *Peach v. State*, Tex.Cr. App., 498 S.W.2d 192.

Ground of Error 3 asserts the state's motion for revocation of probation is fundamentally defective in not alleging the state where the alleged violation occurred.

The state's motion for revocation alleged defendant had operated a motor vehicle on a public road and highway situated in "Dallas County".

First defendant had waived the point by failing to move to quash the state's motion for revocation. Secondly, the trial court as well as this court can properly take judicial notice that "Dallas County" is in the State of Texas.

All defendant's grounds are overruled. AFFIRMED.