May v. SOT






 




NUMBERS 13-01-00482-CR and 13-01-00483-CR
COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

 

LEON DAVID MAY, Appellant,



v.




THE STATE OF TEXAS, Appellee.

 

On appeal from the 252nd District Court of Jefferson County, Texas.



 

O P I N I O N

Before Justices Hinojosa, Rodriguez and Dorsey (1)

Opinion by Justice Hinojosa


 Appellant, Leon David May, brings these two appeals following the revocation of his deferred adjudication
community supervision. In a single issue, appellant contends the trial court erred in assessing his punishment
at confinement in a state jail facility because the statute in effect at the time of the commission of each offense
required the court to assess community supervision upon the conviction of a state jail offense. In both cases,
we reverse and remand for a new punishment hearing.

A. Background

 In trial court cause number 76961, appellant was charged by indictment for delivering less than one gram of
cocaine on July 23, 1997. (2) In trial court cause number 76680, appellant was charged by indictment for
delivering less than one gram of cocaine on August 11, 1997. (3) Pursuant to a plea bargain agreement,
appellant waived a jury trial in both cases and entered pleas of guilty. In accordance with the plea bargain
agreement, the trial court deferred the adjudication of guilt in both cases, placed appellant on community
supervision for a term of four years, and assessed a $750.00 fine. (4)

 The State later moved to adjudicate guilt, asserting appellant had violated the conditions of his deferred
adjudication community supervision. The trial court found one count of each motion to be true and, in each
case, adjudicated appellant guilty of the offense of delivery of less than one gram of a controlled substance and
assessed appellant's punishment at confinement for two years in a state jail facility.

B. Sentencing

 The record reflects that appellant was indicted in both cases for the offense of delivery of less than one gram
of a controlled substance, a state jail felony. See Tex. Health & Safety Code Ann. § 481.112 (Vernon Supp.
2003). Appellant committed the offense alleged in cause number 76961 on July 23, 1997, and committed the
offense alleged in cause number 76680 on August 11, 1997. Thus, the sentence applicable to these offenses is
governed by article 42.12, section 15(a) of the Texas Code of Criminal Procedure, as it existed before
September 1, 1997. That provision mandated that:

On conviction of a state jail felony punished under Section 12.35(a), Penal Code, (5) the judge shall suspend
the imposition of the sentence of confinement and place the defendant on community supervision, unless the
defendant has been previously convicted of a felony, in which event the judge may suspend the imposition of
the sentence and place the defendant on community supervision or may order the sentence to be executed.



Act of May 28, 1995, 74th Leg., R.S., ch. 318, § 60, 1995 Tex. Gen. Laws 2734, 2754 (amended 1997)
(current version at Tex. Code Crim. Proc. Ann. art. 42.12, § 15(a) (Vernon Supp. 2003)) (emphasis added).

 The 1997 amendment to article 42.12, section 15(a) eliminated the automatic imposition of community
supervision and gave the trial court discretion to determine whether to impose or suspend a defendant's
sentence. The amendment became effective September 1, 1997. Defendants convicted of offenses committed
before the effective date of the amendment are covered by the law in effect at the time of the offense. See Act
of May 17, 1997, 75th Leg., R.S., ch. 488, §§ 1, 6(b), 1997 Tex. Gen. Laws 1812-14.

 Under the express terms of article 42.12, section 15(a), and in the absence of any evidence indicating that
appellant had previously been convicted of a felony, the trial court was required to place appellant on
community supervision. See Jordan v. State, 36 S.W.3d 871, 872 (Tex. Crim. App. 2001). Although
appellant failed to successfully complete the deferred adjudication community supervision originally assessed
in these two cases, that community supervision occurred prior to the trial court's adjudication of guilt and the
statute in effect at the time of the commission of these offenses mandates community supervision upon
conviction. Jackson v. State, 990 S.W.2d 879, 882 (Tex. App.-Beaumont 1999, no pet.).

 Accordingly, we hold the trial court erred in assessing appellant's punishment at confinement for two years in
a state jail facility. Further, we hold the error is harmful because the applicable statute does not allow the trial
court to punish appellant by confinement. See Tex. R. App. P. 44.2. We sustain appellant's sole issue.

 In both cases, we reverse the sentences imposed by the trial court and remand for a new punishment hearing.



FEDERICO G. HINOJOSA

Justice



Publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this the

8th day of May, 2003.

1. Retired Justice J. Bonner Dorsey, who concluded his term of office on December 31, 2002, was assigned
to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003
(Vernon 1998) to "complete the adjudication of any and all causes assigned to a panel of which [he was] a
member" prior to his retirement.

2. Appellate cause number 13-01-00482-CR.

3. Appellate cause number 13-01-00483-CR.

4. We conclude we are not without jurisdiction based upon Texas Rule of Appellate Procedure 25.2(a)(2) to
hear these appeals. See Kirtley v. State, 56 S.W.3d 48, 51 (Tex. Crim. App. 2001); Vidaurri v. State, 49
S.W.3d 880, 885 (Tex. Crim. App. 2001) (former Rule 25.2(b)(3) does not apply to appeals challenging issues
unrelated to conviction, including process by which defendant is sentenced).

5. Section 12.35(a) allows for the punishment of an individual adjudged guilty of a state jail felony at
confinement in a state jail for not more than two years or less than 180 days. Tex. Pen. Code Ann. § 12.35(a)
(Vernon 2003).