In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00218-CR

                                                ______________________________

 

 

                                      RONNY GENE TIBBS,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the Sixth
Judicial District Court

                                                             Lamar County, Texas

                                                            Trial
Court No. 21282

 

                                                          
                                        

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            While Ronny
Gene Tibbs was serving a period of community supervision that was to expire
December 20, 2016, based on a third offense of driving while intoxicated, he
admittedly ingested bootlegged whiskey, a clear violation of a condition of his
community supervision.  The trial court
revoked Tibbs’ community supervision and imposed a sentence of ten years’
confinement.  Tibbs appeals the trial
court’s judgment revoking community supervision on the sole ground that it
lacked jurisdiction because a capias warrant never issued.

            In support
of his argument, Tibbs relies only on cases interpreting Section 21(e) of
Article 42.12 of the Texas Code of Criminal Procedure, which states:

(e)
A court retains jurisdiction to hold a hearing under Subsection (b) and to
revoke, continue, or modify community supervision, regardless of whether the
period of community supervision imposed on the defendant has expired, if before
the expiration the attorney representing the state files a motion to revoke,
continue, or modify community supervision and a capias is issued for the arrest
of the defendant.

 

Tex. Code Crim. Proc.
Ann. art. 42.12, § 21(e) (Vernon Supp. 2009).  All of Tibbs’ cited cases dealt with a trial
court’s jurisdiction to revoke community supervision after the supervision
period had expired.[1]  They are inapplicable here, since Tibbs’
period of community supervision had clearly not expired.

 

 

            Article
42.12, Section 21(b) of the Texas Code of Criminal Procedure states:

 

At
any time during the period of community supervision the judge may issue a warrant for violation of any
of the conditions of the community supervision and cause the defendant to be
arrested. Any supervision officer, police officer or other officer with power
of arrest may arrest such defendant with
or without a warrant upon the order of the judge to be noted on the docket
of the court. 

 

Tex. Code Crim. Proc.
Ann. art. 42.12, § 21(b) (Vernon Supp. 2009) (emphasis added).  Since the statute discusses issuance of
capias as discretionary, it cannot be a general requirement for the court’s
jurisdiction to revoke community supervision. 
In other words, because the record reflects that Tibbs’ revocation
occurred within the period for community supervision, issuance of a capias
warrant was not required.[2]  We overrule Tibbs’ sole point of error on
appeal. 

            We affirm
the trial court’s judgment.

 

 

                                                                        Josh
R. Morriss, III

                                                                        Chief
Justice

 

Date Submitted:          August
3, 2010

Date Decided:             August
4, 2010

 

Do Not Publish

 

 

 

 

 











[1]Harris v. State, 843 S.W.2d 34 (Tex.
Crim. App. 1992), overruled in part by
Bawcom v. State, 78 S.W.3d 360, 363
(Tex. Crim. App. 2002); Davis v. State,
150 S.W.3d 196 (Tex. App.—Corpus Christi 2004), rev’d on other grounds,
195 S.W.3d 708 (Tex. Crim. App. 2006) (citing Peacock v. State, 77 S.W.3d 285 (Tex. Crim. App. 2002); Calderon v. State, 75 S.W.3d 555 (Tex.
App.—San Antonio 2002, pet. ref’d) (op. on reh’g) (per curiam)).





[2]See Jackson v. State, No.
13-03-00495-CR, 2005 WL 1981522, at *2 (Tex. App.—Corpus Christi Aug. 18, 2005,
no pet.) (mem. op., not designated for publication).  Although this unpublished case has no
precedential value, we may take guidance from it “as an aid in developing
reasoning that may be employed.”  Carrillo v. State, 98 S.W.3d 789, 794 (Tex.
App.—Amarillo 2003, pet. ref’d).