

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00218-CR

_____

RONNY GENE TIBBS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Sixth Judicial District Court
Lamar County, Texas
Trial Court No. 21282

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

While Ronny Gene Tibbs was serving a period of community supervision that was to expire December 20, 2016, based on a third offense of driving while intoxicated, he admittedly ingested bootlegged whiskey, a clear violation of a condition of his community supervision. The trial court revoked Tibbs' community supervision and imposed a sentence of ten years' confinement. Tibbs appeals the trial court's judgment revoking community supervision on the sole ground that it lacked jurisdiction because a capias warrant never issued.

In support of his argument, Tibbs relies only on cases interpreting Section 21(e) of Article 42.12 of the Texas Code of Criminal Procedure, which states:

> (e) A court retains jurisdiction to hold a hearing under Subsection (b) and to revoke, continue, or modify community supervision, regardless of whether the period of community supervision imposed on the defendant has expired, if before the expiration the attorney representing the state files a motion to revoke, continue, or modify community supervision and a capias is issued for the arrest of the defendant.

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(e) (Vernon Supp. 2009). All of Tibbs' cited cases dealt with a trial court's jurisdiction to revoke community supervision after the supervision period had expired.[1] They are inapplicable here, since Tibbs' period of community supervision had clearly not expired.

---

[1] *Harris v. State*, 843 S.W.2d 34 (Tex. Crim. App. 1992), *overruled in part by Bawcom v. State*, 78 S.W.3d 360, 363 (Tex. Crim. App. 2002); *Davis v. State*, 150 S.W.3d 196 (Tex. App.—Corpus Christi 2004*), rev'd on other grounds*, 195 S.W.3d 708 (Tex. Crim. App. 2006) (citing *Peacock v. State*, 77 S.W.3d 285 (Tex. Crim. App. 2002); *Calderon v. State*, 75 S.W.3d 555 (Tex. App.—San Antonio 2002, pet. ref'd) (op. on reh'g) (per curiam)).

Article 42.12, Section 21(b) of the Texas Code of Criminal Procedure states:

> At any time during the period of community supervision the judge *may* issue a warrant for violation of any of the conditions of the community supervision and cause the defendant to be arrested. Any supervision officer, police officer or other officer with power of arrest may arrest such defendant *with or without a warrant* upon the order of the judge to be noted on the docket of the court.

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(b) (Vernon Supp. 2009) (emphasis added).   Since the statute discusses issuance of capias as discretionary, it cannot be a general requirement for the court's jurisdiction to revoke community supervision.   In other words, because the record reflects that Tibbs' revocation occurred within the period for community supervision, issuance of a capias warrant was not required.[2]   We overrule Tibbs' sole point of error on appeal.

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     August 3, 2010
Date Decided:     August 4, 2010

Do Not Publish

---

[2] *See Jackson v. State*, No. 13-03-00495-CR, 2005 WL 1981522, at \*2 (Tex. App.—Corpus Christi Aug. 18, 2005, no pet.) (mem. op., not designated for publication).   Although this unpublished case has no precedential value, we may take guidance from it "as an aid in developing reasoning that may be employed."   *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).