**John Bradley OLDHAM**

v.

**The STATE of Texas.**

**No. 2–87–222–CR.**

Court of Appeals of Texas,
Fort Worth.

Dec. 30, 1987.

Rehearing Denied Jan. 27, 1988.

Alley & Alley and Richard Alley, Fort Worth, for appellant.

Richard L. Hattox, Dist. Atty., Granbury, for appellee.

Before BURDOCK, JOE SPURLOCK, II and LATTIMORE, JJ.

OPINION

BURDOCK, Justice.

John Bradley Oldham appeals the revocation of his bail pending the appeal of his conviction for involuntary manslaughter. We affirm the trial court's revocation.

On June 12, 1985, a jury convicted the appellant of involuntary manslaughter. TEX.PENAL CODE ANN. sec. 19.05 (Vernon 1974). Punishment was assessed at ten years imprisonment in the Texas Department of Corrections. Appellant's conviction was affirmed by this court on May 15, 1986,[1] whereafter he filed a petition for discretionary review with the Texas Court of Criminal Appeals. The petition for discretionary review was granted, the case was submitted on October 12, 1987, and the parties are awaiting the disposition of this appeal. On June 12, 1985, the appellant was released from confinement on bond pending these appeals.

On August 16, 1987, Department of Public Safety Trooper Jimmy Johnson observed the appellant operating a pickup truck on the roads of Somervell County. Johnson immediately saw that the pickup had no license plates. As soon as the appellant saw Trooper Johnson's marked DPS vehicle, he drove away at an accelerated rate of speed. Trooper Johnson turned on his emergency lights and followed the appellant. Trooper Johnson continued his pursuit until the appellant pulled his truck into the backyard of a residence owned by Mr. Don Bybee. At this point, Johnson saw the appellant jump out of the truck and run around the house. Johnson advised his

1. *Oldham v. State*, No. 2–85–174–CR (Tex.App.—Fort Worth, May 15, 1986) (unpublished) (pet. granted).

dispatcher that he was pursuing the suspect on foot, went to the truck to see if anyone else was inside, and then proceeded to the front of the house. After finding no one in front, Johnson returned to the rear of the house.

When Johnson returned to the rear of the house, he saw the appellant being marched out of the back door of the house under gunpoint. The person wielding the gun was Don Bybee, the owner of the house. Trooper Johnson then placed the appellant under arrest, noting that the appellant was visibly intoxicated. Johnson further testified that he knew that the appellant's license had been suspended, and that the appellant was definitely the person who was driving the unregistered pickup truck.

On September 21, 1987 the State filed a motion to revoke appellant's bond or in the alternative to increase the amount of appellant's bond. At the hearing on the revocation motion, the State called Trooper Johnson and Don Bybee to testify. Appellant called no witnesses. Johnson testified while reading a report that he filed shortly following the appellant's arrest. The State supplied appellant with a copy of Johnson's report. Don Bybee had also filed a report with the Department of Public Safety; however, the State could not supply appellant with a copy of that report at the close of Bybee's direct testimony. Consequently, the court ordered Bybee's testimony stricken from the record. *See* TEX.R. CRIM.EVID. 614. The court found that three charges had been filed against appellant arising from the August 16, 1987 incident, found further that appellant was likely to commit another offense while on appeal bond, and subsequently revoked appellant's bond.

In his first point of error, the appellant asserts that the trial court abused its discretion in revoking his bond. According to the appellant, the evidence was insufficient to support the court's finding that he took part in any offenses while on bond. We disagree.

■ A court may revoke an appeal bond upon finding by a preponderance of the evidence that the appellant violated a condition of probation. *See* TEX.CODE CRIM. PROC.ANN. art. 44.04(c) (Vernon Supp. 1988). Further, if a court finds that the appellant is likely to commit another offense while on bond, the court may revoke the bond even though no specific conditions were placed upon the appellant at the time of making bond. *Ex Parte LeBlanc*, 615 S.W.2d 724, 726 (Tex.Crim.App.1981).

■ The evidence adduced at trial not only showed that appellant was likely to commit another offense while on bail, it showed in fact that appellant *did* commit another offense while on bail, that being, the driving of a motor vehicle without a license. *See* TEX.REV.CIV.STAT.ANN. art. 6687b, § 2 (Vernon Supp.1987). Proof that an appellant *did* commit an offense while on bail has been held sufficient to sustain an appeal bond revocation. *Putnam v. State*, 582 S.W.2d 146, 151 (Tex. Crim.App.1979). We find no abuse of discretion in revoking appellant's bond. Thus the appellant's first point of error is overruled.

In his second point of error, appellant urges that the trial court erred in not dismissing the State's revocation motion upon striking Don Bybee's testimony. According to appellant, under Texas' Rules of Evidence, he was entitled to such a dismissal since Bybee's testimony had to be stricken.

Under rule 614, if a party who called a witness refuses to supply their opponent with a copy of any statements made by that witness concerning the subject of the testimony given, the testimony of that witness may be stricken from the record. *See* TEX.R.CRIM.EVID. 614. Further, the court may declare a mistrial in this situation if required in the interest of justice. *Id.* By analogy, the appellant contends the trial court should have dismissed the revocation motion upon striking Bybee's testimony. We find appellant's assertion to be without merit.

■ There was no jury present at the hearing on the motion to revoke appellant's

bond. Were a jury present when Don Bybee testified, a mistrial or dismissal by the judge may have been necessary. However, a judge is presumed to disregard any inadmissible evidence which is somehow admitted. *Hernandez v. State*, 556 S.W.2d 337, 342 (Tex.Crim.App.1977). Therefore, we find that there was no need for the trial judge to dismiss the State's motion after Bybee's testimony was stricken. Appellant's second point of error is overruled. The revocation of appellant's bond by the trial court is affirmed.