**Timothy Hugh QUEEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–92–00199–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 20, 1992.

Jane Disko, Houston, for appellant.

John Holmes, Dist. Atty., Harvey Hudson, Asst. Dist. Atty., for appellee.

BEFORE OLIVER–PARROTT, C.J., and SMITH * and PRICE **, JJ.

OPINION

OLIVER–PARROTT, Chief Justice.

Appellant, currently being held in custody pending his retrial on a felony indict-

ment for the offense of burglary of a habitation, appeals from the trial court's denial of habeas corpus relief, by which he sought reinstatement of his pretrial bail. In its brief, the State agrees that the trial court erred in revoking appellant's bond and refusing to set bail. We reverse the trial court's order denying appellant habeas corpus relief, and remand with instructions to the trial court to reinstate appellant's previous bond.

In September 1988, appellant was charged with burglary of a habitation. He was subsequently tried and convicted. The trial court then granted a new trial and set bail at $200,000—later reduced to $75,000—with conditions, inter alia, of home curfew and electronic monitoring from 9:00 p.m. to 7:00 a.m. on weekdays and from 10:00 p.m. to 6:00 a.m. on weekends, plus weekly reporting to Harris County Pre–Trial Services. In March 1991, appellant posted $75,000 bail after 29 months of pretrial incarceration.

After the trial court granted appellant a new trial, appellant filed his first application for writ of habeas corpus, by which he contended that his retrial on the September 1988 charge would violate his right not to be placed in double jeopardy. The trial court denied relief, and appellant appealed to this Court, which affirmed the trial court's decision on May 21, 1992.[1]

On the afternoon of July 25, 1991, appellant was accused of shoplifting a carton of cigarettes, and was arrested for misdemeanor theft. He was held in the Harris County jail until the following day, when he posted $1000 bail and was released. During the night of July 25, the electronic monitoring system reported appellant absent from his home. As a result of his absence from his home, the trial court revoked his bail and issued an alias capias for his arrest, ordering him held without bail. Appellant was arrested when he made his next weekly report to pre-trial services.

---

* The Honorable Jackson B. Smith, retired justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

** The Honorable Frank C. Price, former justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. *Ex parte Queen*, 833 S.W.2d 207 (Tex.App.—Houston [1st Dist.], 1992, pet. pending).

Appellant pleaded guilty to the misdemeanor theft charge, and has completed the 75–day sentence imposed in that case, but remains in custody pending his retrial on the burglary of a habitation charge.

In February 1992, appellant filed his second application for writ of habeas corpus, the application at issue in this appeal. Appellant sought reinstatement of his pretrial bail on the basis that the trial court lacked any authority to act as it did on July 26, 1991, when it revoked his then-existing bail and ordered him arrested and held without bail. At the February 27 hearing on appellant's application, the position taken by the prosecutor was:

> I do not believe that the court has power to revoke his bond based on the misdemeanor.... *I agree with the defense counsel* that an amount of bond should be set as opposed to no bond, and I would just leave that to the court's discretion.

(Emphasis added.) The prosecutor and defense counsel then responded to the court's questions about appellant's criminal history, and about when they could each be ready for trial. Next, the information, bail bond, and plea of guilty on the misdemeanor charge were offered by the defense and admitted into evidence without objection from the State. Defense counsel briefly argued to the same effect as the prosecutor had—namely, that "there is no statutory or constitutional authority to revoke [appellant's] bond on the commission of the misdemeanor offense"—and asked that the trial court reinstate the previous $75,000 bond. The trial court then ruled from the bench:

> The court: Well, the court finds as follows: that the defendant before this court is being prosecuted as a habitual criminal. The offense for which he's indicted is a first degree felony offense; that he has an extensive record of violence, at least one conviction of robbery, at least two convictions of possessions of weapons.... Under the inherent powers of this court it is my duty to see, number one, that someone has a bond high enough to assure that they report to court and

that their case can be disposed of in an appropriate manner and, also, to preserve public safety.... I have had several hearings involving the defendant. So, part of this is judicial knowledge. The court finds this man to be an unstable individual and, frankly, [is] very concerned about public safety. So, the request to set a bond on this case is denied. *If the appellate courts want to take the risk of turning this man on society, then this is their opportunity.* ... And also, on the record, let all of us urge the [First] Court of Appeals to timely decide the writ of double jeopardy so that we may move forward on the merits of this case. And this is not a sarcastic remark. This is a serious request, a sincere request, and it is joined in with by?

[Prosecutor]: The State of Texas.

[Defense counsel]: And the defense counsel.

The court: That concludes this hearing. One other thing while we are on the record. How long has this been pending before the [First Court of Appeals]?

[Defense counsel]: It was argued in June, your honor, June of 1991.

The court: Argued in June of '91. Thank you.

(Emphasis added.) A form order denying relief was filled in and signed by the trial court that same day.

On appeal, appellant brings one point of error, raising the same issue presented to the trial court. Appellant contends that it was error to revoke his pretrial bond based on his commission of a misdemeanor offense.

With narrow exceptions, article I, section 11 of the Texas Constitution provides all prisoners a right to bail pending trial. *Smith v. State,* 829 S.W.2d 885, 886 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd). Denial of bail is authorized only when one of the exceptions embodied in article I,

section 11a applies,[2] or when certain other extraordinary circumstances are present. *Id.* at 885–86. In this instance, the prosecution and defense agreed in the trial court and continue to agree on appeal that (i) no such extraordinary circumstances exist here; (ii) appellant's pretrial bail cannot be revoked on the basis of an accusation—or even a conviction—of a *misdemeanor* offense committed while on pretrial bail for the instant felony after he was indicted on that charge;[3] and (iii) appellant is entitled to continued bail pending retrial on the instant felony charge. We agree also, on the basis of article I, sections 11 and 11a of the Texas Constitution. The constitutional mandate is clear that appellant is entitled to bail.

■ The trial and appellate courts of Texas have no "inherent powers" that permit them to ignore an express statutory or constitutional mandate. This fundamental tenet of our State's jurisprudence does not evaporate when a particular judge of such a court has a concern that a particular individual, accused of a crime, represents a risk to the public safety. Even if that concern is in some particular instance well-founded—concerning this particular instance, we express no opinion about this matter—it still has no such evaporative ef-

fect. The courts of this State are bound to follow the will of the people of this State, as that will is expressed by the people in the constitution and in the laws enacted by their duly elected representatives. On the current state of expression of that will, the trial court's concern about public safety is germane at most to the question of the *amount* of appellant's bail,[4] not to whether he is to be admitted to bail at all.

■ If the trial court remains concerned about the effect upon the public safety of appellant's freedom pending retrial, then trial at the earliest possible date is, unlike an insupportable denial of bail, the appropriate action to be taken.

■ Finally, the fact of defendant's failure to be in his home during the curfew hours on the night of July 25, 1991, in facial violation of the curfew condition of his pretrial bail, does not provide any basis for the trial court to deny appellant continued pretrial bail. His confinement in jail in connection with the misdemeanor charge renders that failure utterly involuntary. As such, that failure does not defeat the purpose of pretrial bail, which is to secure the presence of the defendant in court upon the trial of the accusation against him. *Ex parte Vasquez,* 558 S.W.2d 477, 479 (Tex. Crim.App.1977).[5] Indeed, the fact that ap-

---

**2.** Section 11a reads, in pertinent part:

Any person (1) accused of a felony less than capital in this State, who has been theretofore twice convicted of a felony, the second conviction being subsequent to the first, both in point of time of commission of the offense and conviction therefor, (2) *accused of a felony less than capital in this State, committed while on bail for a prior felony for which he has been indicted,* or (3) accused of a felony less than capital in this State involving the use of a deadly weapon after being convicted of a prior felony, after a hearing, and upon evidence substantially showing the guilt of the accused of the offense in (1) or (3) above or of the offense committed while on bail in (2) above, may be denied bail pending trial, by a district judge in this State, if said order denying bail pending trial is issued within seven calendar days subsequent to the time of incarceration of the accused.... (Emphasis added.)

**3.** *Bail pending appeal of a conviction* may be revoked for the commission of a subsequent offense, misdemeanor or felony, even if the specific condition that no additional offense be

committed while on such bail was placed upon the appellant at the time of making bond. *See Oldham v. State,* 743 S.W.2d 734, 735 (Tex. App.—Fort Worth 1987, pet. ref'd) (appellant's bail pending appeal could be revoked for driving a motor vehicle without a license while on bail pending appeal of conviction for involuntary manslaughter). There is no constitutional right in Texas to bail pending appeal as there is to *pretrial* bail.

**4.** Tex.Code Crim.P.Ann. art. 17.15 (Vernon Supp. 1992) provides:

The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail; they are to be governed in the exercise of this discretion by the following rules:

....

5. The future safety of the victim of the alleged offense may be considered.

**5.** *Cf. Fernandez v. State,* 516 S.W.2d 677, 679 (Tex.Crim.App.1974) and *Sanders v. State,* 312 S.W.2d 660, 661 (Tex.Crim.App.1958) (a defendant's pretrial bond cannot be revoked if his

pellant appeared for trial in connection with the misdemeanor shoplifting charge after being admitted to bail in that cause tends to show that appellant is more, not less, likely to appear for trial in this cause, such that the misdemeanor offense fails even to constitute "good and sufficient cause" under TEX.CODE CRIM.P.ANN. art. 17.09, sec. 3 (Vernon 1977) to increase the amount of appellant's pretrial bail.

We reverse the February 27, 1992 order of the trial court denying appellant habeas corpus relief, and remand with instructions to the trial court to reinstate appellant's previous $75,000 bond.

failure to appear for trial is involuntary due to   confinement in a jail or penitentiary).