Affirmed and Majority and Concurring Opinions filed December
21, 2010.

In The

Fourteenth
Court of Appeals



NO. 14-09-08-00074-CR



David Mark Temple, Appellant

V.

The State of Texas, Appellee



On Appeal from
the 178th District Court

Harris
County, Texas

Trial Court
Cause No. 1008763



CONCURRING OPINION

 

I have serious concern
that this Court has deprived appellant of the protection afforded under Article V, section 6 of the Texas Constitution by failing to review his factual-sufficiency
challenges as questions of fact.  

[T]he
decision of [Texas Courts of Appeals] shall be conclusive on all questions of
fact brought before them on appeal or error.  

Tex. Const. art. V, § 6(a).

In previous opinions,[1] this Court
has acceded to a recent pronouncement of the law by five judges on the Court of
Criminal Appeals in Brooks v. State, 323 S.W.3d 893, 894–912 (Tex. Crim.
App. 2010) (Hervey, J., joined by Keller, Keasler, & Cochran, JJ.,
plurality op.) & id. at 913–26 (Cochran, J., joined by Womack, J.,
concurring) (discarding the factual-sufficiency standard of review in criminal
cases which had been consistent with Texas Supreme Court precedent and
articulated in Clewis v. State, 922 S.W.2d 126, 134–36 (Tex. Crim. App.
1996)).  After acknowledging that its review of a court of appeals’ factual-sufficiency
decision is limited to determining whether the courts properly applied “rules
of law,” the five judges effectively abolished factual-sufficiency review when “determining whether the evidence is sufficient to
support each element of a criminal offense . . . beyond a reasonable doubt.”  Brooks, 323
S.W.3d at 909 n.35, 912.    

I first expressed
disagreement with this Court’s reticence to assert its exclusive jurisdictional
prerogatives relative to factual sufficiency of the evidence in Romero,
No. 14-09-01035-CR, at *3–5 (Seymore, J., concurring).  If this Court had not
followed Brooks in previous opinions, I would employ the traditional
factual-sufficiency review and weigh all of the evidence in a neutral light to
determine whether the circumstantial evidence supporting conviction is so against
the great weight and preponderance of the evidence that the jury’s verdict is clearly
wrong and manifestly unjust.  See Clewis, 922 S.W.2d at 134–36
& n.16.  The Brooks plurality and concurring opinions purport to require
this Court, when reviewing evidence for factual sufficiency, to employ the Jackson v. Virginia standard
of review for legal sufficiency and review all the evidence in the light most
favorable to the verdict to determine whether the jury was rationally justified
in finding guilt beyond a reasonable doubt.  Brooks, 323 S.W.3d at 894 (plurality
op.); id. at 913, 914–15 (Cochran, J., concurring) (citing Jackson v.
Virginia, 443 U.S. 307, 319 (1979)).  

This
Court’s previous decisions adopting the Brooks standard of review for
factual-sufficiency of the evidence renders any effort to conduct a traditional
factual-sufficiency review of the evidence moot.  See Caddell v. State, 123 S.W.3d 722, 726–27 (Tex. App.—Houston [14th Dist.] 2003,
pet. ref’d) (explaining this Court is bound to follow its own precedent).  However, as the author of the majority opinion in
this case, I take the unusual step of writing separately because of my concern
that the plurality and concurring opinions in Brooks are derogative of this
Court’s conclusive jurisdiction relative to all questions of fact.  I am
also reminded that intermediate appellate courts have no inherent power to
ignore an express constitutional mandate.  Queen v. State, 842
S.W. 2d 708, 711 (Tex. App.—Houston [1st Dist.] 1992, no pet.).  Notwithstanding
the imperatives of vertical stare decisis and whatever extent the
plurality and concurring opinions in Brooks are binding on this Court, it
is my considered opinion that this Court is duty-bound to contravene
disgorgement of its exclusive jurisdiction to determine questions of fact.  It
is true that the Court of Criminal Appeals
has final appellate jurisdiction relative to questions of law in criminal
cases.  Tex. Const. art. V, § 5.  However, only the four judges of the Brooks
plurality expressed that they would eliminate the factual-sufficiency
standard pursuant to Article V, section 5 of the Texas Constitution.  Brooks,
323 S.W.3d at 907–12 (plurality op.).  The concurring opinion did not mention
Article V, sections 5 and 6 or article 44.25 of the Code of Criminal Procedure. 
See Tex. Code Crim. Proc. Ann. art. 44.25 (entitled “Cases remanded,”
and expressing, “The courts of appeals or the Court of Criminal Appeals may
reverse the judgment in a criminal action, as well upon the law as upon the
facts.”).  Hence, a majority of judges in Brooks did not agree that
eliminating factual-sufficiency review passed constitutional muster under
Article V, section 5.  

            Considering the
fundamental question of whether a court has subject-matter jurisdiction, it is
surprising that the Brooks plurality and concurring opinions do not
adhere to several Court of Criminal Appeals opinions wherein more than a
plurality acknowledged the constitutional imperative that intermediate courts
of appeals have conclusive jurisdiction over factual-sufficiency issues.  See
Laster v. State,
275 S.W.3d 512, 518–19 (Tex. Crim. App. 2009); Bigby v. State, 892 S.W.2d 864, 872–75 & n.3 (Tex. Crim. App. 1994); Ex parte
Schuessler, 846 S.W.2d 850, 852 (Tex. Crim. App. 1993); Meraz v. State,
785 S.W.2d 146, 153 (Tex. Crim. App. 1990); see also Brooks, 323 S.W.3d at 931 (Price, J., joined by Meyers, Johnson, &
Holcomb, JJ., dissenting) (expressing that the
plurality ignored stare decisis).  

The Supreme Court of the Republic of Texas recognized
“the defendant in a criminal prosecution in the district court has the right of
appeal to this court from the judgment, or sentence of the court below, and to
have the facts as well as the law, at his own election, opened for
re-examination.”  Republic v. Smith, Dallam 407, 410–11 (Tex. 1841)
(emphasis added).  Texas courts have long recognized that a party on appeal may
challenge as erroneous a fact finding on the grounds the jury’s verdict was
against the preponderance of the evidence, i.e., the evidence was factually
insufficient.  See, e.g., Choate v. San
Antonio & A.P. Ry. Co., 44 S.W. 69
(Tex. 1898).  This exclusive jurisdiction was
recently acknowledged by the Texas Supreme Court: “[A] review of the evidence
for factual sufficiency is a power committed exclusively to the court[s]
of appeals.”  Regal Fin. Co. v. Tex. Star Motors, No. 08-0148, ---
S.W.3d ---, 2010 WL 3277132, at *7 (Tex. Aug. 20,
2010) (emphasis added).  Pursuant to its constitutionally delineated duty under
the factual-conclusivity clause, and its statutorily delineated duty under the
Texas Code of Criminal Procedure article 44.25, this Court should
neutrally consider and weigh all the evidence in the record to determine
whether a rational jury was justified in finding guilt beyond a reasonable
doubt.  See Watson v. State, 204 S.W.3d 404, 414–17 (Tex. Crim. App. 2006).  Query,
how could a court of appeals ever decide a question of fact and remand a case
for a new trial pursuant to the Texas Constitution and Code of Criminal
Procedure article 44.25 if it is limited to reviewing legal sufficiency of the
evidence?  Actually, the Court of Criminal Appeals previously
cautioned against what happened in Brooks:

[I]t [is] not appropriate for this Court to create a standard of review which
is in conflict with the language of our State Constitution.  

Meraz, 785 S.W.2d at 152. 

The Court of Criminal Appeals
previously opined that the only way to
preclude a Texas court of appeals from “determin[ing] if a jury finding is
against the great weight and preponderance of the evidence,” i.e., determining
a question of fact, is for “the people of the State of Texas to amend the
Constitution.”  Id. at 154.  I agree.  However, in contravention of this
correct statement of the role of courts relative to the constitution, the Brooks plurality concludes: “As the Court
with final appellate jurisdiction in this State, we decide that the Jackson
v. Virginia standard is the only standard that a reviewing court should
apply in determining whether the evidence is sufficient to support each element
of a criminal offense that the State is required to prove beyond a reasonable
doubt.”  Brooks, 323 S.W.3d at 912 (plurality op.).  Consequently, the Brooks
plurality and concurring opinions did not simply refine or edit the standard of
review for factual sufficiency; a criminal defendant’s constitutional right to
factual-sufficiency review of the evidence supporting elements of the offense has
been abolished.

In reaching its decision, the Brooks plurality expressed
deep concern[2] that the Court of Criminal Appeals’ evolved
articulation of the standard of review for factual sufficiency in Texas is
indistinguishable from the standard of review for legal sufficiency prescribed
by the United States Supreme Court in Jackson v. Virginia.  Brooks, 323
S.W.3d at 901–02 (plurality op.); see also id. at 913–15 (Cochran, J.,
concurring) (expressing that legal-sufficiency review is the only “logical” sufficiency-of-the-evidence
review).  Under Jackson, all the
evidence is viewed “in the light most favorable to the prosecution,” and a
reviewing court is required to defer to a jury’s determination of credibility
and weight.  444 U.S. at 319.  The Brooks plurality referred to its
decision in Lancon v. State, 253 S.W.3d 699 (Tex. Crim. App. 2008), as
the final nail in the coffin for factual-sufficiency review.  Brooks, 323
S.W.3d at 901–02 (plurality op.); see also id. at 925–26 (Cochran, J.,
concurring).  The plurality opined that requisite deference to the jury as the
sole judge of a witness’s credibility and the weight to be given their
testimony eliminates viewing the evidence in a “neutral light.”  Brooks,
323 S.W.3d at 902 (plurality op.).  After reaching this conclusion, the plurality
warned that a criminal defendant might be in position to claim double jeopardy if
a court reversed due to factual insufficiency of the evidence and remanded for
a new trial.  Id. at 902–06.  For reasons outlined below, I respectfully
suggest that the Brooks plurality and concurring opinions purport to
resolve their conundrum by eliminating a criminal defendant’s constitutional
right to appellate review of questions of fact.

I
agree with the dissent in Brooks and acknowledge that the deference
contemplated in a factual-sufficiency review is not absolute but a qualified
deference to the jury’s apparent assessment of the weight, credibility, or
reliability of the admittedly legally-sufficient evidence.  Brooks, 323
S.W.3d at 928 (Price, J., dissenting).  When viewing  the evidence in a neutral
light, an appellate court need not resolve every conflict in the evidence, or
draw every inference from ambiguous evidence in favor of the defendant’s guilt
just because a rational jury could have drawn such an inference; qualified
deference does not convert factual-sufficiency review into legal-sufficiency
review.  See id. at 929. Accordingly, there is
no conflict in the factual-sufficiency standard of review when an appellate court
is “deferential” to the jury’s verdict while neutrally considering and weighing
all of the evidence in the record; such a standard actually serves to
“harmonize” the right to trial by jury with the courts of appeals’
constitutional duty to conclusively resolve the questions of fact presented to
it on appeal.   See Pool v. Ford Motor Co., 715 S.W.2d 629,
634–35 (Tex. 1986).  Moreover, “the fact that the court of appeals might engage
in ‘thought processes’ akin to the jury’s . . . does not establish a violation
of the right of trial by jury.”  Cropper v. Caterpillar Tractor Co., 754
S.W.2d 646, 651 (Tex. 1988).  This is true because a court of appeals is not
substituting its judgment for that of the jury by sustaining a challenge to a
question of fact, but is simply remanding the case for a new trial.  Id.
at 651–52 (quoting Hopson v. Gulf Oil Corp., 237 S.W.2d 352, 358 (Tex.
1951)).  

I also submit that the Brooks
plurality is unnecessarily concerned about risks of double jeopardy.  First,
the Jackson standard does not incorporate the constitutional duty of an intermediate
courts of appeals to decide questions of fact by considering and weighing all
the evidence because the Jackson standard “impinges upon ‘jury’
discretion only to the extent necessary to guarantee the fundamental protection
of due process of law.”  Jackson, 443 U.S. at 319.  Under the Jackson
standard, the evidence is not weighed, and a successful challenge to legal
sufficiency of the evidence results in acquittal, not a new trial.  See Tibbs
v. Florida, 457 U.S. 31, 41–42 (1982).  Whether the evidence is legally
sufficient under Jackson “is of course wholly unrelated to the
question of how rationally the verdict was actually reached. . . .  [T]he
standard announced today . . . does not require scrutiny of the
reasoning process” used by the fact-finder.  Id. at 319 n.13 (emphasis
added).  Second, the risks for double jeopardy after reversal based on factual insufficiency
of the evidence were fully clarified by the United States Supreme Court:

[T]he Double Jeopardy Clause precludes retrial [of an accused] “once the
reviewing court has found the evidence legally insufficient” to support
conviction.  This standard, we explained, “means that the government’s case was
so lacking that it should not have even been submitted to the
jury.”  A conviction will survive review . . . whenever “the evidence and
inferences therefrom most favorable to the prosecution would warrant the
jury’s finding the defendant guilty beyond a reasonable doubt.”  In sum, we noted
that the rule barring retrial would be “confined to cases where the prosecution’s
failure is clear.”

. . . .  [T]he Double Jeopardy Clause attaches special
weight to judgments of acquittal.  A verdict of not guilty, whether rendered by
the jury or directed by the trial judge, absolutely shields the defendant from
retrial.  A reversal based on the [legal] insufficiency of the evidence has the
same effect because it means that no rational factfinder could have voted to
convict the defendant.

Tibbs, 457 U.S. at 40–41 (citations and footnotes omitted) (emphasis added).  Succinctly,
evidence is legally insufficient where the “only proper verdict” is acquittal. 
Id. at 42.  Conversely,  

A reversal on [a factual-sufficiency] ground, unlike a reversal based on
[legally-]insufficient evidence, does not mean that acquittal was the only
proper verdict.  Instead, the appellate court sits as a “thirteenth juror”
and disagrees with the jury’s resolution of the conflicting testimony. This
difference of opinion no more signifies acquittal than does a disagreement
among the jurors themselves.  A deadlocked jury, we consistently have
recognized, does not result in an acquittal barring retrial under the Double
Jeopardy Clause.  Similarly, an appellate court’s disagreement with the jurors’
weighing of the evidence does not require the special deference accorded
verdicts of acquittal.

A reversal based on the weight of the evidence,
moreover, can occur only after the State both has presented [legally-]sufficient
evidence to support conviction and has persuaded the jury to convict.  The
reversal simply affords the defendant a second opportunity to seek a favorable
judgment.  An appellate court’s decision to give the defendant this second
chance does not create “an unacceptably high risk that the Government, with its
superior resources, [will] wear down [the] defendant” and obtain conviction
solely through its persistence.

Id. at 42–43 (citations and footnotes omitted) (emphasis
added).  Thus, the United States Supreme Court expressly rejected the argument posited
by the plurality and concurring opinions in Brooks that a “distinction
between the weight [(factual sufficiency)] and [legal] sufficiency of the
evidence is unworkable,” noting that “trial and appellate judges commonly
distinguish between the weight [(factual sufficiency)] and [legal] sufficiency
of the evidence” and the Due Process Clause “sets a lower limit on an
appellate court’s definition of evidentiary sufficiency.”  Id. at 44–45 (emphasis
added).  In Tibbs, the United States Supreme Court provided ample
support for the appellate judiciary in Texas to protect and defend Article V, section 6 the Texas Constitution.  The Texas appellate judiciary should fashion legal
doctrines, including standards of appellate review, that serve to “protect, and
defend the Constitution and laws of the United States and of this State.”[3] 

            In conclusion, I write
separately to express my frustration with our Court’s unnecessary acquiescence to
the Brooks plurality and concurring opinions.

 

 

 

                                                                        

                                                            /s/        Charles
W. Seymore

                                                                        Justice

 

 

Panel consists of
Justices Yates, Seymore, and Brown (Seymore, J., majority).

Publish — Tex. R. App. P. 47.2(b).

 









[1] See, e.g., Romero v. State, --- S.W. 3d
---, No. 14-09-01035-CR, at *1–2 (Tex. App.―Houston [14th Dist.] Dec. 1,
2010, no pet. h.); Shaw v. State, --- S.W.3d ---, 2010 WL 4467456, at *8 (Tex.
App.—Houston [14th Dist.] Nov. 9, 2010, no pet. h.); Pomier v. State, ---
S.W.3d ---, 2010 WL 4132209, at *2 (Tex. App.—Houston [14th Dist.] Oct. 21,
2010, no pet. h.); see also Nwosoucha v. State, --- S.W.3d ---, 2010 WL
4380290, at *8 (Tex. App.—Houston [14th Dist.] Nov. 4, 2010, no pet. h.) (noting
that legal-sufficiency standard of review remains after Brooks). 





[2] However, in a
direct appeal that involved capital murder of law enforcement officers, the
court recognized and invoked the two different
standards of review. Vodochodsky v. State, 158 S.W. 3d 502 (Tex.
Crim. App. 2005).  After concluding that the evidence was legally sufficient to
uphold the conviction, the court reversed the conviction and remanded for further
proceedings, concluding the largely circumstantial evidence was factually insufficient. 
Id. at 508–11.  





[3] Quote excerpted from the oath of office for Texas
judges.