**Opinion issued September 1, 2020**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00941-CR

————————————

**QUINTON MALBROUGH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 177th District Court**
**Harris County, Texas**
**Trial Court Case No. 1524524**

---

## CONCURRING OPINION

*"[J]ustices continue to think and can change. . . . I am ever hopeful that if the Court has a blind spot today, its eyes will be open tomorrow."*[1]

---

[1] Interview by Katie Couric with Supreme Court Justice Ruth Bader Ginsburg, Yahoo Global News (July 31, 2014), https://news.yahoo.com/video/exclusive-ruth-bader-ginsburg-hobby-091819044.html.

In his second and third issues, appellant, Quinton Malbrough, asserts that the evidence is factually insufficient to support his conviction, this Court has the authority under the Texas Constitution to conduct a factual sufficiency review by weighing the evidence in a neutral light, and the failure of this Court to conduct a proper review of the factual sufficiency of the evidence denies appellant due process of law and violates his right to equal protection of law.

The challenge appellant raises to the standard of review we must apply to his factual sufficiency complaint after the Texas Court of Criminal Appeals's decision in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010) (plurality opinion), is not new.[2] But that does not make it any less important. I write separately to take up the mantle[3] and nevertheless persist in explaining why this Court has the obligation

---

[2] As an intermediate appellate court, we are duty bound to follow precedent issued by the Texas Court of Criminal Appeals. *See Lewis v. State*, 448 S.W.3d 138, 146 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd); *Kiffe v. State*, 361 S.W.3d 104, 109–10 (Tex. App.—Houston [1st Dist.] 2011, pet ref'd) (Texas Court of Criminal Appeals has authority to determine questions of law, including standard of review that intermediate appellate court must use in conducting factual sufficiency review). We are similarly bound by our own precedent. *See Swilley v. McCain*, 374 S.W.2d 871, 875 (Tex. 1964); *Caddell v. State*, 123 S.W.3d 722, 726–27 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd); *see also Ervin v. State*, 331 S.W.3d 49, 52–56 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (holding after *Brooks* that this Court reviews factual sufficiency of evidence under same appellate standard of review for legal sufficiency of evidence).

[3] *See, e.g.*, *Vernon v. State*, 571 S.W.3d 814, 828–33 (Tex. App.—Houston [1st Dist.] 2018, pet. ref'd) (Jennings, J., concurring); *Payne v. State*, No. 01-16-00821-CR, 2017 WL 5503650, at *4–8 (Tex. App.—Houston [1st Dist.] Nov. 16, 2017, no pet.) (mem. op., not designated for publication) (Jennings, J., concurring); *Edwards v. State*, 497 S.W.3d 147, 165–68 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) (Jennings, J., concurring); *Kiffe*, 361 S.W.3d at 110–19 (Jennings, J., concurring);

to review the factual sufficiency of the evidence supporting appellant's conviction by considering all the evidence in a neutral light to determine whether the jury's verdict was "so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust."[4]

The United States Constitution establishes the baseline for the quantum of evidence required to support a criminal conviction. *See Byrd v. State*, 336 S.W.3d 242, 246 (Tex. Crim. App. 2011); *Laster v. State*, 275 S.W.3d 512, 517–18 (Tex. Crim. App. 2009) ("The Due Process Clause to the United States Constitution requires that a criminal conviction be supported by a rational trier of fact's findings that the accused is guilty of every essential element of a crime beyond a reasonable doubt."). In *Jackson v. Virginia*, 443 U.S. 307 (1979), the United States Supreme Court set out the minimum constitutional standard governing whether sufficient evidence supports each element of a charged offense. 397 U.S. at 318–19; *see also*

---

*Ervin*, 331 S.W.3d at 56–70 (Jennings, J., concurring); *see also Ibe v. State*, No. 01-12-00422-CR, 2014 WL 1058129, at *3 n.1 (Tex. App.—Houston [1st Dist.] Mar. 18, 2014, pet. ref'd) (mem. op., not designated for publication) (panel acknowledging failure to address defendant's question of fact violated United States Constitution's guarantees of due process of law and equal protection of law); *Fisher v. State*, No. 01-11-00516-CR, 2013 WL 4680226, at *4–5 (Tex. App.—Houston [1st Dist.] Aug. 29, 2013, pet. ref'd) (mem. op., not designated for publication) (same).

[4] *See Clewis v. State*, 922 S.W.2d 126, 129, 134 (Tex. Crim. App. 1996), *overruled by Brooks v. State*, 323 S.W.3d 893, 894–95, 912 (Tex. Crim. App. 2010) (plurality opinion); *see also Laster v. State*, 275 S.W.3d 512, 518 (Tex. Crim. App. 2009); *Ervin*, 331 S.W.3d at 53 & n.1 (detailing pre-*Brooks* standard of review for determining factual sufficiency of evidence to support conviction).

*Watson v. State*, 204 S.W.3d 404, 412 (Tex. Crim. App. 2006). Initially, Texas courts followed *Jackson* in deciding whether the evidence supporting a defendant's conviction was legally sufficient. *See, e.g.*, *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007); *see also Watson*, 204 S.W.3d at 412–13 (applicable legal sufficiency standard that Supreme Court articulated in *Jackson*); *Clewis v. State*, 922 S.W.2d 126, 131–33 (Tex. Crim. App. 1996) (Texas adopted *Jackson* standard as legal sufficiency standard), *overruled by Brooks*, 323 S.W.3d at 894–95, 912.

But states may create protections more rigorous than federal constitutional standards. *See Mills v. Rogers*, 457 U.S. 291, 300 (1982) ("Within our federal system the substantive rights provided by the Federal Constitution define only a minimum. State law may recognize liberty interests more extensive than those independently protected by the Federal Constitution."). And factual sufficiency review is a creature of Texas state law; it is rooted in the Texas Constitution. *See Woods v. Cockrell*, 307 F.3d 353, 357–58 (5th Cir. 2002); *Laster*, 275 S.W.3d at 518; *see also Clewis*, 922 S.W.2d at 129–30.

The Factual Conclusivity Clause of the Texas Constitution provides in no uncertain terms that:

> [T]he decision of [the Texas Courts of Appeals] shall be conclusive on all ***questions of fact*** brought before them on appeal or error.

TEX. CONST. art. V, § 6(a) (emphasis added). The clause "requires" Texas courts to make a "distinction" between questions of law and questions of fact. *Sw. Bell Tel.*

4

*Co. v. Garza*, 164 S.W.3d 607, 621 (Tex. 2004). Under the Factual Conclusivity Clause of the Texas Constitution, intermediate courts of appeals, not the Texas Court of Criminal Appeals, have final appellate jurisdiction on questions of fact and, thus, the exclusive power to review the factual sufficiency of the evidence supporting a defendant's conviction. *See Laster*, 275 S.W.3d at 518–19 (Court of Criminal Appeals does not conduct factual sufficiency review); *Meraz v. State*, 785 S.W.2d 146, 153–55 (Tex. Crim. App. 1990); *see also Regal Fin. Co., Ltd. v. Tex Star Motors, Inc.*, 355 S.W.3d 595, 603 (Tex. 2010); *In re King's Estate*, 244 S.W.2d 660, 665–66 (Tex. 1951); *cf.* TEX. CONST. art. V, § 5(a) (Court of Criminal Appeals has final appellate jurisdiction relative to questions of law in criminal cases). The Factual Conclusivity Clause also prevents the Court of Criminal Appeals from adopting a standard of review for the courts of appeals that is inconsistent with the Texas Constitution because by doing so the court interferes with the jurisdiction of the intermediate appellate courts to determine questions of fact. *Ex parte Schuessler*, 846 S.W.2d 850, 852–53 (Tex. Crim. App. 1993); *Meraz*, 785 S.W.2d at 153–55; *see also Temple v. State*, 342 S.W.3d 572, 620 (Tex. App.—Houston [14th Dist.] 2010) (Seymore, J., concurring) (Court of Criminal Appeals's decision to require appellate courts, when reviewing evidence for factual sufficiency, to employ standard of review for legal sufficiency and review all evidence in light most

favorable to verdict is "derogative of [the courts of appeals's] *conclusive* jurisdiction relative to all questions of fact"), *aff'd*, 390 S.W.3d 341 (Tex. Crim. App. 2013).

Additionally, the Texas Legislature has expressly directed, consistent with the Factual Conclusivity Clause, that intermediate courts of appeals "may reverse the judgment in a criminal action[] . . . upon the facts."  TEX. CODE CRIM. PROC. ANN. art. 44.25.  And it is well-settled that it is reversible error for a court of appeals to address a question of fact as a question of law.  *See In re King's Estate*, 244 S.W.2d at 666; *see also Ex parte Schuessler*, 846 S.W.2d at 852; *Meraz*, 785 S.W.2d at 153; *see also Kiffe v. State*, 361 S.W.3d 104, 117 n.3 (Tex. App.—Houston 2011, pet. ref'd) (Jennings, J., concurring).

This is why Texas courts crafted a distinct factual sufficiency standard of review, asking whether, in considering all the evidence in a neutral light, the jury's verdict was "so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *See Clewis*, 922 S.W.2d at 129, 134; *see also Laster*, 275 S.W.3d at 518–19 (determining legal and factual sufficiency of evidence requires implementation of separate and distinct standards; courts should not combine their legal and factual sufficiency analyses); *Johnson v. State*, 23 S.W.3d 1, 6–9 (Tex. Crim. App. 2000); *In re King's Estate*, 244 S.W.2d at 666 (courts cannot ignore Factual Conclusivity Clause of Texas Constitution, which requires court of appeals "to consider the fact question of weight and preponderance of all evidence and to

6

order . . . a new trial accordingly" if verdict appears clearly unjust); *Campos v. State*, 317 S.W.3d 768, 773–77, 773 n.1 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (examining legal sufficiency challenge separately and before appellant's factual sufficiency challenge); *Cantrell v. State*, 75 S.W.3d 503, 508 (Tex. App.—Texarkana 2002, pet. ref'd) ("Legal and factual challenges to the sufficiency of the evidence require the use of separate and distinct standards. . . . If we find the evidence legally insufficient, we must reverse the judgment and render a judgment of acquittal. If we find the evidence factually insufficient, we reverse the judgment and remand the cause to the trial court for a new trial." (internal citations omitted)); *Ingram v. State*, No. 09-91-232-CR, 1996 WL 596013, at *2 (Tex. App.—Beaumont Oct. 16, 1996, pet. ref'd) (not designated for publication) ("The mechanics of such a [factual sufficiency] review are obviously quite distinct from those concerning a legal sufficiency review. This is not surprising as legal insufficiency and factual insufficiency provide separate and independent grounds for relief in the criminal law context.").

Texas courts for years have demonstrated an ability to distinguish between legally sufficient evidence and factually sufficient evidence. *See Tibbs v. Florida*, 457 U.S. 31, 44–45 (1982); *Johnson*, 23 S.W.3d at 7–8. As the Texas Court of Criminal Appeals has explained:

> The Due Process Clause to the United States Constitution requires that a criminal conviction be supported by a rational trier of

7

fact's findings that the accused is guilty of every essential element of a crime beyond a reasonable doubt. This due process guarantee is safeguarded when a court reviews the legal sufficiency of the evidence. During such a review, an appellate court must not usurp the role of the factfinder. . . . When conducting a legal sufficiency review, a court must ask whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt"—not whether "*it* believes that the evidence at the trial established guilt beyond a reasonable doubt." In doing so, we assess all of the evidence "in the light most favorable to the prosecution." . . . . After giving proper deference to the factfinder's role, we will uphold the verdict unless a rational factfinder must have had reasonable doubt as to any essential element.

. . . .

A verdict must also be supported by factually sufficient evidence. But unlike a legal sufficiency review, which is a federal due process requirement, a factual sufficiency review is a creature of state law. On direct appeal, a court must begin its factual sufficiency review with the assumption that the evidence is legally sufficient under *Jackson*. Evidence that is legally sufficient, however, can be deemed factually insufficient in two ways: (1) the evidence supporting the conviction is "too weak" to support the factfinder's verdict, or (2) considering conflicting evidence, the factfinder's verdict is "against the great weight and preponderance of the evidence." When a court of appeals conducts a factual sufficiency review, it must defer to the jury's findings. We have set out three "basic ground rules" implementing this standard. First, the court of appeals must consider all of the evidence in a neutral light, as opposed to in a light most favorable to the verdict. Second, the court of appeals may only find the evidence factually insufficient when necessary to "prevent manifest injustice." Although the verdict is afforded less deference during a factual sufficiency review, the court of appeals is not free to override the verdict simply because it disagrees with it. Third, the court of appeals must explain why the evidence is too weak to support the verdict or why the conflicting evidence greatly weighs against the verdict. This requirement serves two related purposes. First, it supports the court of appeals's judgment that a manifest injustice has occurred. And second,

it assists [the Court of Criminal Appeals] in ensuring that the standard of review was properly applied.

*Laster*, 275 S.W.3d at 517–18 (internal footnotes omitted).

Yet, for the last decade, the Texas Court of Criminal Appeals has disregarded the plain language of the Factual Conclusivity Clause of the Texas Constitution, the plain language of Texas Code of Criminal Procedure article 44.25, Texas Supreme Court precedent, and its own precedent by purporting to "abolish[]" the courts of appeals' duty to review the factual sufficiency of the evidence in criminal cases. *See Howard v. State*, 333 S.W.3d 137, 138 n.2 (Tex. Crim. App. 2011); *see also Lipscomb v. State*, 526 S.W.3d 646, 653–54 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd) (noting Court of Criminal Appeals abolished factual sufficiency review of issues on which State bears burden of proof at trial). Instead, the court has determined that in criminal cases "a legal-sufficiency [appellate] standard [of review is] 'indistinguishable' from a factual-sufficiency [appellate] standard [of review]." *Brooks*, 323 S.W.3d at 901 (plurality opinion); *see id.* at 912–26 (Cochran, J., joined by Womack, J., concurring) (agreeing with plurality to overrule use in criminal cases of factual sufficiency standard of review, which was consistent with Texas Supreme Court precedent and previously articulated by Court of Criminal Appeals itself).

After the Texas Court of Criminal Appeals's plurality opinion in *Brooks*, this Court decided to answer questions of fact in criminal cases as pure questions of law. *See Ervin v. State*, 331 S.W.3d 49, 52–56 (Tex. App.—Houston [1st Dist.] 2010, pet.

9

ref'd). In other words, after *Brooks*, we decided to apply the legal sufficiency standard of review to questions of fact, viewing the evidence in the light most favorable to the jury's verdict, rather than neutrally reweighing it. *See id.* Although the majority in *Ervin* erred in doing so, until this Court or a higher court overrules *Ervin*, we must accept it as binding precedent. *See Swilley v. McCain*, 374 S.W.2d 871, 875 (Tex. 1964); *Caddell v. State*, 123 S.W.3d 722, 726–27 (Tex. App.— Houston [14th Dist.] 2003, pet. ref'd) (explaining court bound to follow its own precedent).

The problem with our current inability to address appellant's factual sufficiency complaint in accordance with the Factual Conclusivity Clause of the Texas Constitution is two-fold: it denies appellant due process of law[5] and it violates his right to equal protection of law.[6] *See Griffin v. Illinois*, 351 U.S. 12, 18 (1956) (concluding in states providing for appellate review, criminal defendant entitled to protections afforded under Due Process and Equal Protection Clauses of United States Constitution); *see also M.L.B. v. S.L.J.*, 519 U.S. 102, 111 (1996) ("This Court

---

[5]  *See* U.S. CONST. amends. V ("No person shall be . . . deprived of life, liberty, or property, without due process of law . . . ."),  XIV, § 1 ("No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ."); TEX. CONST. art. I, § 19 ("No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land.").

[6]  *See* U.S. CONST. amend. XIV, § 1 ("No State shall . . . deny to any person . . . the equal protections of the laws."); TEX. CONST. art. I, § 3.

10

has never held that the States are required to establish avenues of appellate review, but it is now fundamental that, once established, these avenues must be kept free of unreasoned distinctions that can only impede open and equal access to the courts." (internal quotations omitted)).  This is because by applying the *Jackson* legal sufficiency standard of review to appellant's complaint of factually insufficient evidence, we answer appellant's question of fact as a pure legal question and deny appellant his right to the appellate remedy of a new trial, as recognized in the Texas Constitution and by the Texas Legislature in Texas Code of Criminal Procedure article 44.25.  *See Drichas v. State*, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005) (pre-*Brooks* "[r]eversal of [a] judgment and remand for a new trial [was] the proper remedy when a court of appeals f[ound] that evidence [was] factually insufficient"); *Werner v. State*, 445 S.W.3d 228, 238 (Tex. App.—Houston [1st Dist.] 2013) ("Before *Brooks*, the remedy for factual insufficiency was remanding for a new trial. Following *Brooks*, an acquittal is required if the evidence is insufficient under its standard of review." (internal citations omitted)), *rev'd on other grounds*, 412 S.W.3d 542 (Tex. Crim. App. 2013); *Temple*, 342 S.W.3d at 621 (Seymore, J., concurring) ("Query, how could a court of appeals ever decide a question of fact and remand a case for a new trial pursuant to the Texas Constitution and Code of Criminal Procedure article 44.25 if it is limited to reviewing legal sufficiency of the evidence?").

Still yet, because the Texas Supreme Court clearly adheres to the Factual Conclusivity Clause of the Texas Constitution, it allows civil litigants to present factual sufficiency complaints, permits intermediate courts of appeals to review such complaints as questions of fact, and it preserves the remedy of a remand for new trial. But because the Court of Criminal Appeals has abolished actual factual sufficiency review in criminal cases, a criminal defendant is no longer entitled to the same rights as a civil litigant and his right to equal protection of law is violated. There can be "no sound basis for the disparate interpretations of a single constitutional provision based on whether the matter on appeal is civil or criminal in nature." Susan Bleil & Charles Bleil, *The Court of Criminal Appeals Versus the Constitution: The Conclusivity Question*, 23 ST. MARY'S L.J. 423, 424 (1991).

As my distinguished judicial predecessor has pointed out, the Factual Conclusivity Clause of the Texas Constitution provides a much-needed and critical fail-safe against manifestly unjust convictions that are based on evidence that is factually insufficient, although legally sufficient. *See, e.g.*, *Vernon v. State*, 571 S.W.3d 814, 832 (Tex. App.—Houston [1st Dist.] 2018, pet. ref'd) (Jennings, J., concurring). And neither this Court, nor the Court of Criminal Appeals has the legitimate power to "abolish" our constitutionally guaranteed right to review the factual sufficiency of the evidence supporting a defendant's conviction. *See Ex parte Schuessler*, 846 S.W.2d at 852–53 (Court of Criminal Appeals does not have

12

authority to "create[] a standard of review for the courts of appeals that contravene[s] the Texas Constitution"); *Queen v. State*, 842 S.W.2d 708, 711 (Tex. App.— Houston [1st Dist.] 1992, no pet.) (intermediate appellate courts in Texas have no inherent power to ignore an express constitutional mandate); *see also M.L.B.*, 519 U.S. at 111 ("This Court has never held that the States are required to establish avenues of appellate review, but it is now fundamental that, once established, these avenues must be kept free of unreasoned distinctions that can only impede open and equal access to the courts." (internal quotations omitted)).

"The [intermediate] courts of appeals [have been] . . . constitutionally given the authority to determine if a jury finding is against the great weight and preponderance of the evidence." *Meraz*, 785 S.W.2d at 154. "[I]t is up to the people of the State of Texas[, not the courts,] to amend the Constitution." *Id.*; *see also Ervin*, 331 S.W.3d at 67, 70 (Jennings, J., concurring). The Texas Court of Criminal Appeal may not "usurp the constitutional prerogative of the Texas courts of appeals to properly review and decide questions of fact presented to them on appeal." *Ervin*, 331 S.W.3d at 69 (Jennings, J., concurring). Thus, when a criminal defendant "has squarely presented a question of fact to this Court, contending that the evidence in support of his conviction is so weak that the jury's verdict is clearly wrong and manifestly unjust," "this Court still has a constitutionally-delineated right and duty, with which no other court may lawfully interfere, to properly address [the

defendant's] question of fact by considering and weighing all the evidence in record." *Id.*

I respectfully request that the Texas Court of Criminal Appeals reconsider its determination that "a legal-sufficiency [appellate] standard [of review is] 'indistinguishable' from a factual-sufficiency [appellate] standard [of review]." *See Brooks*, 323 S.W.3d at 901 (plurality opinion).  And that it allow intermediate courts of appeals to address a criminal defendant's question of fact as a question of fact, by considering all the evidence in a neutral light, to determine whether the jury's verdict was "so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust."

In light of this Court's precedent and that of the Court of Criminal Appeals, I can do nothing but join in rejecting appellant's request for a pre-*Brooks* review of the factual sufficiency of the evidence supporting his conviction.  *See Temple*, 342 S.W.3d at 620 (Seymore, J., concurring) ("Notwithstanding the imperatives of . . . *stare decisis* . . . , it is my considered opinion that this Court is duty-bound to contravene disgorgement of its exclusive jurisdiction to determine questions of fact."); *Jones v. State*, 962 S.W.2d 96, 99 (Tex. App.—Houston 1997) (Taft, J., concurring) (although "we are bound by precedent . . . , we are not gagged" by it), *aff'd*, 984 S.W.2d 254 (Tex. Crim. App. 1998).

                                    Julie Countiss
                                    Justice

Panel consists of Chief Justice Radack and Justices Lloyd and Countiss.

Countiss, J., concurring.

Publish.  TEX. R. APP. P. 47.2(b).

15